UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMES LEGLER,<br><br>    Petitioner,<br><br>  v.<br><br>KAREN FLETCHER, Acting Chief Probation Officer,<br><br>    Respondent. | Case No. 14-cv-01497-YGR (PR)<br><br>**ORDER GRANTING RENEWED MOTION FOR APPOINTMENT OF COUNSEL; AND APPOINTING COUNSEL *NUNC PRO TUNC* TO PREPARATION OF FEDERAL PETITION FOR FILING** |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2012 conviction in the Santa Clara County Superior Court of one count of committing a lewd or lascivious act on a child under 14 years of age. Dkt. 1 at 1-2. The trial court suspended imposition of sentence and placed Petitioner on three years of formal probation, including a one year county jail term. Dkt. 11, Ex. G at 1.

    On June 3, 2014, the Court issued an Order to Show Cause. Dkt. 7. In the same Order, Petitioner's motion for appointment of counsel was also denied without prejudice to the Court's *sua sponte* reconsideration of such a motion. *Id.* at 3. Respondent has filed an answer to the petition, and Petitioner has filed a traverse. Dkts. 11, 15.

    Before the Court is Petitioner's renewed motion for appointment of counsel, which was submitted on the same date as his traverse. Dkt. 14. He specifically requests the appointment of Patrick McKenna, Esq. of the Sixth District Appellate Project, by whom Petitioner was represented in state court. It appears that Attorney McKenna prepared Petitioner's federal petition and a traverse to the answer without compensation.

    The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The Court may, however, appoint

counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728.

Here, Petitioner points out that the record shows that in his pre-trial statements and testimony at trial, he admitted that the alleged touching of his stepdaughter had occurred; however, he consistently asserted that he committed the act as he fell asleep. Dkt. 15 at 3. Thus, in his federal petition, Petitioner asserts six claims for relief: 1) ineffective assistance of trial counsel for failing to call Dr. John C. Brady II to present expert testimony that Petitioner did not have the personality characteristics of a child molester, as permitted by *People v. Stoll*, 49 Cal. 3d 1136 (1979)[1]; 2) ineffective assistance of trial counsel for failing to consult with or call a sleep disorders expert to testify at trial; 3) ineffective assistance of appellate counsel due to the Court of Appeal's failure to grant Petitioner funds to retain Dr. Rafael Pelayo, as an expert witness for purposes of Petitioner's state habeas proceedings; 4) the jury instruction regarding unconsciousness—adopted largely from CALCRIM No. 3425—was ambiguous and created an inappropriate presumption of consciousness; 5) ineffective assistance of trial counsel due to the failure to object to the prosecutor's reliance during closing argument on facts not in evidence; and 6) the cumulative errors prejudiced Petitioner.

The Court finds that the appointment of counsel is warranted in this action and that Attorney McKenna is already familiar with the facts of the case and has prepared pleadings in support of the petition. Therefore, the Court exercises its discretion to appoint Patrick McKenna, Esq. of the Sixth District Appellate Project to represent Petitioner in this action, *nunc pro tunc* to his preparation of the federal petition for filing. Petitioner's renewed motion for appointment of counsel is GRANTED. Dkt. 14. Counsel should seek reimbursement pursuant to 18 U.S.C. § 3006A(d) and (e) via the Federal Public Defender's Office.

---

[1] Under California law, a psychological evaluation which concludes that a defendant does not fit the psychological profile of a child molester is admissible as character evidence tending to show that the defendant did not commit the crime. *Stoll*, 49 Cal. 3d at 1152. Such evaluations are commonly referred to as *Stoll* evaluations.

1  The Clerk of the Court shall send a copy of this Order to Patrick McKenna, Esq., Sixth
2  District Appellate Project, 100 N. Winchester Blvd., Suite 310, Santa Clara, California 95050, to
3  Petitioner, to the Federal Public Defender, and to Respondent.
4  This Order terminates Docket No. 14.
5  IT IS SO ORDERED.
6  Dated: December 11, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge